By Daniel Horlbeck, one of the justices of the quorum, in and for the district aforesaid.
To any lawful constable, and to the keeper of the common goal, in the said district.
These are to require you forthwith to convey and deliver into the custody of the keeper of the said goal, the body of James E. Everett, charged before A. H. Brown, on the oath of A. Gibson, from circumstances, with larceny of bank bills of the Union Bank of Florida, valued at about seventy dollars; there being other-bills lost, and one $50, and one $20 bill, being found on the person of said James E. Everett. And you, the said keeper, are hereby required to receive the said James E. Everett into your custody, in the said goal, and him there safely to keep.
Given under my band and seal, at Charleston, this twenty-first day of July, one thousand eight hundred and thirty-seven, and in the sixty-second year of American Independence.
Daniel Horlbeck, Q. U., [l. s.]
Acting for A. H. Brown.
*296 The counsel for the defendant moved for bis discharge, on the ground, that the warrant contained no direct and certain charge of a felony, or any other offence, but was altogether loose, and founded, according to the warrant itself, on loose circumstances.
The attorney general contended that the warrant contained a charge of larceny, sufficiently direct and certain; but that even if it were defective, the Court was bound to commit the defendant, if sufficient evidence could be produced against him to warrant his being put upon-his trial: and he produced a considerable number of affidavits, upon which it appeared that the warrant had been issued.
His Honor did not think there was any thing in the affidavits which would warrant his depriving a citizen of his liberty, and being satisfied as to - the insufficiency of the warrant, he ordered the prisoner to be discharged.
A motion was then made on behalf of the defendant, that as the prosecution against him was at an end, the money taken from him should be returned. The attorney-general opposed the motion, on the ground, that the prosecution was not at an end, and that he should feel it his duty to submit the case to a grand jury. The "motion was granted.